Nash, C. J.
 

 The prisoner,, a slave, stands indicted in the Superior Court of Bladen for grand larceny. On the trial below, the defendant’s coiznsel moved'to quash the indictment for want of jurisdiction. The prosecution is founded on the 107th chapter of the Bevised Code. The motion to quash rests upon the construction of that chapter, and of the 26th
 
 *265
 
 section of tbe 34th chapter. By the law, as it stood before the Act of 1856, (Rev. Code,) a single magistrate had exclusive jurisdiction of all misdemeanors, or offences committed by slaves, which are not declared by law to be capital, and which, in the opinion of the justice, before whom such offending slave may be carried, shall appear of such a trivial character as not to deserve greater punishment than a single magistrate can inflict. The County Courts were invested with original and exclusive jurisdiction overall offences committed by a slave of a higher degree than .such as are cognizable before a single magistrate, except'in cases where the punishment may extend to life, and also felonies within the benefit of clergy. To the Superior Courts was given original and exclusive jurisdiction over all offences "committed by a slave, the punishment whereof might extend to life, and clergiable felonies ; Rev. Stat., ch. Ill, sec. 41, 42,. 43. By that statute, the original cognizance of crimes and misdemeanors committed by slaves, were entrusted to three distinct tribunals — to the Superior Courts, where the crime affected life, and clergiable felonies' — to the County Courts, petit larceny and the higher class of misdemeanors — and to a single justice of the peace, the most inferior class. The Revised Code has, as to most of these offences, reduced the original jurisdiction to two — the justices out of Court, and the Superior Courts. By the Revised Code, ch. 107, sec. 31, the Legislature describes, as well as the nature of the subject ydll admit, the offences of slaves of a minor grade, and the 32nd section gives to a single justice jurisdiction over all the of-fences so enumerated or" described, and “ all other misdemeanors done by slaves, mentioned in this chapter, the pre-cribed punishment whereof is whipping.” The 34th section, then
 
 provides
 
 — “ the Superior Court shall have exclusive original jurisdiction of all felonies and other offences committed by slaves, which, by section 32, are not assigned for trial before a justice of the peace, &c.”
 

 All offences of slaves, then, which do not put their lives in jeopardy, are punishable by a single magistrate. The
 
 *266
 
 crime for which the prisoner is indicted is, or was, grand larceny. Between it and petit larceny the common law made a wide difference. The former was punishable with death, unless the prisoner was entitled to the benefit of clergy; the latter being punished by whipping. Morally speaking, there is no difference ; each is equally forbidden by the great Lawgiver. All that relates to the mode of securing society against the commission of such offences is of man’s invention, and may be varied as sound discretion may direct. This has been done in this State by the 26th section of the 34th chapter of the Revised Code. It provides — ” all distinction between petit larceny and grand larceny, where the same hath now the benefit of clergy, is abolished, and the offence of felonious stealing, where no other punishment shall be specifically prescribed, shall be punished as petit larceny is.” We have seen that by the 32nd section of the 107th chapter, petit larceny is punishable by a single justice. The act of 1856 has not raised petit larceny to the grade of grand larceny, but has brought the latter down to that of the former. A change which the spirit of the times demanded. When a slave steals to an amount which, by the common ~aw, would have constituted grand larceny, the offence is cognizable before a single justice, and the Superior Court is ousted of its jurisdiction by the express terms of the Act.
 

 There is no error in the judgment below.
 

 Per CueiaM. Judgment affirmed.